IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY FLORIDA
CIVIL DIVISION

RONALD ZIGMUND,

      Plaintiff,

v.

DIOCESE OF ST. PETERSBURG, INC.
and MOST HOLY NAME OF JESUS
CATHOLIC SCHOOL,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, RONALD ZIGMUND, by and through his undersigned

counsel and sues the Defendant, DIOCESE OF ST. PETERSBURG, INC. and MOST HOLY

NAME OF JESUS CATHOLIC SCHOOL,  and states as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages in excess of $15,000.00.

2.      Venue lies within Pinellas County, Florida because a substantial part of the

events giving rise to this claim arose in this Judicial District.

3.      This is a proceeding for damages which seeks in part to redress the

discrimination against Plaintiff, RONALD ZIGMUND, an employee, for activity protected

under Title VII of the Civil Rights Act of 1964, as amended.

### ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to bringing this action have occurred.

5.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  A copy of the charge is attached hereto as Exhibit "A".

6.      A Notification of Right to Sue was received from the EEOC, a copy of which is attached hereto as Exhibit "B".  This complaint has been filed within ninety (90) days of receipt thereof.

## PARTIES

7.      Plaintiff is a citizen and resident of Pinellas County.

8.      Defendants operate a church and school within this Judicial District.

9.      Defendants  are an employer as defined by the laws under which this action is brought and employ the required number of employees.

## GENERAL ALLEGATIONS

10.      At all times material, Defendants acted with malice and reckless disregard for Plaintiff's Federally protected rights.

11.      At all times material, Plaintiff was qualified to perform the job of Technology Coordinator within the legitimate expectations of his employer.

12.      Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

13.      Plaintiff requests a jury trial for all issues so triable.

## FACTS

14.      Plaintiff, RONALD ZIGMUND, was employed by Defendants for

approximately three (3) years. During this time, he held the position of Technology Consultant.

15.     Father William Swengros was the school pastor for MOST HOLY NAME OF JESUS CATHOLIC SCHOOL with which Plaintiff was employed.

16.     During Plaintiff's employment, Plaintiff was repeatedly sexually harassed by Father William Swengros.

17.     Plaintiff, who is male, was subjected to ongoing sexual harassment, discrimination, and intimidating verbal abuse. Some examples of the sexual harassment and verbal abuse include:

      a.     Shortly after Father Swengros arrived at the church he asked Plaintiff to go on a shopping outing with him to pick out some pants. During this outing Swengros placed his hand on Plaintiff's shoulder, rubbed his back and told Plaintiff he had beautiful eyes and that he was cute.

      b.     When Father Swengros and Plaintiff returned to the rectory after the shopping trip Father Swengros took off his clothes and completely disrobed in front of Plaintiff.

      c.     The following day Father Swengros asked Plaintiff to help him buy a car and while they drove along US 19, Swengros fondled Plaintiff's leg.

      d.     On another occasion Father Swengros told Plaintiff it was acceptable for a priest to masturbate and that when he masturbates he thinks of

3

his "friend". He further advised Plaintiff that it was acceptable for Plaintiff to masturbate, clearly intimating that Plaintiff could perform this act in Swengros' presence.

e.     On many occasions Father Swengros would touch Plaintiff in a manner that was uncomfortable to Plaintiff.

f.     During a conversation with Father Swengros Plaintiff advised him that his father's nickname for Plaintiff was "rooster" and Father Swengros commented "Oh, that's a big cock".

g.     While riding in the car with Father Swengros to the airport, Swengros placed his right hand on Plaintiff's left thigh and began rubbing it. He also rubbed Plaintiff's chest and twisted and pinched his left nipple.

h.     On one occasion at the beach Father Swengros rubbed Plaintiff's nipples and told him he had a cute hairy belly.

i.     Father Swengros invited Plaintiff to a private dinner at which time he told Plaintiff he loved him and that he was beautiful.

j.     Father Swengros told Plaintiff that Plaintiff was in love with him, envied his penis and on occasion implied that Plaintiff was homosexual.

18.     On approximately September 12, 2001 Plaintiff wrote a letter to Human Resources regarding the sexual harassment.

19.     Plaintiff was constructively discharged on September 13, 2001. –

4

## COUNT I
### TITLE VII - SEXUAL HARASSMENT

20.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 19.

21.     Plaintiff is a member of a protected class.

22.     The aforementioned actions by Father William Swengros constitute unwelcome sexual harassment on the basis of sex, in violation of Title VII.

23.     The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

24.     The Defendant knew or should have known of the harassment of Plaintiff.

25.     The aforementioned actions created a hostile environment and constitutes discrimination.

26.     The sexual harassment and conduct of Father William Swengros created a hostile work environment which interfered with Plaintiff's ability to perform his job.

27.     The Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

28.     As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for:

a.      Back pay and benefits;

b.      Interest in back pay and benefits;

c.      Front pay and future benefits;

d.      Compensatory damages for emotional damages;

e.      Other non-pecuniary damages;

f.      Punitive damages;

g.      Injunctive relief;

h.      Attorneys fees and costs, and

i.      For any other relief this Court deems just and equitable.


Dated: September 17, 2002          FLORIN, ROEBIG & WALKER, P.A.


                                   THOMAS D. ROEBIG, ESQUIRE
                                   CHRISTOPHER D. GRAY, ESQUIRE
                                   ANGELA E. OUTTEN, ESQUIRE
                                   WOLFGANG M. FLORIN, ESQUIRE
                                   777 Alderman Road
                                   Palm Harbor, Florida 34683
                                   Telephone No.: (727) 786-5000
                                   Facsimile No.: (727) 772-9833
                                   FL Bar Nos.: 0651702, 902004, 0002569, 907804
                                   Attorneys for Plaintiff

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

PER  FILING CHARGE

Zigmund, Ronald

THIS PERSON (check one)

[X] CLAIMS TO BE AGGRIEVED

[ ] IS FILING ON BEHALF OF ANOTHER

Ms Cindy Yevich
Most Holly Name Of Jesus School
5825 17th Ave South
Gulfport, FL 33707

DATE OF ALLEGED VIOLATION

| *Earliest* | *Most Recent* |
|---|---|
| 07/01/2001 | 09/13/2001 |

PLACE OF ALLEGED VIOLATION

Gulfport, FL

CHARGE NUMBER

151A201173

## NOTICE OF CHARGE OF DISCRIMINATION
*(See EEOC "Rules and Regulations" before completing this Form)*

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[ ] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d))** investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [ ] No action is required on your part at this time.
2. [X] Please submit by 06/10/02 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.
3. [X] EEOC has instituted a Mediation program which provides parties with an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please indicate that desire on the enclosed form and respond by 05/26/02 to The Mediation Unit _____. If you **DO NOT** wish to participate in Mediation, you must submit a statement of your position to the Commission Representative listed below, by the above date.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

EEOC - Tampa Area Office
501 East Polk Street
Room 1020
Tampa, Florida  33602

[X] Enclosure:  Copy of Charge

Luis Rodriguez
*(Commission Representative)*

(813) 228-2310
*(Telephone Number)*

BASIS OF DISCRIMINATION

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NAT. ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination.     *EXHIBIT*  **A**

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 05/07/2002 | Manuel Zurita
Director | |

EEOC  FORM 131-ADR   (Test 02/00)

**CHARGING PARTY'S COPY**

(10-96)

E. AL EMPLOYMENT OPPORTUNITY  MISSION
Tampa Area Office

# DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Mr. Ronald Zigmund<br>871 16th Way<br>Palm Harbor, FL 34683 | U. S. Equal Employment Opportunity Commission<br>Tampa Area Office<br>501 E. Polk Street, Room 1020<br>Tampa, Florida 33602 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No.<br>151A201L73 | EEOC Representative<br>Edwin Gonzalez | Telephone No.<br>(813) 228-2310 |
|---|---|---|

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   Wh   reasonable efforts were made to locate you, we were not able to do so.

[ ]   Yo   ad 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X]   Th   EOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

## -- NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge.  If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice.  Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.  (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

Manuel Zurita, Area Director                    7/3/02
                                                *(Date Mailed)*

Enclosure
Copy of Charge

Most Holy Name of Jesus School

cc:

Joseph A. DiVito, Esq., Attorney for Respondent
4514 Central Avenue
St. Petersburg, FL  33711-1201

EXHIBIT **B**

RE:ADMINISTRATIVE ORDER 85-44 "CAPTION OF PLEADINGS"

ASE NO. 02-007283-CI

                    PLAINTIFF(S),


                    DEFENDANT(S),



KARLEEN F. DE BLAKER
CLERK OF THE CIRCUIT COURT
315 COURT STREET
CLEARWATER, FLORIDA 33756-5165
(727) 464-3341

                /s/ JAN RAPER
BY:
              (CLERK'S SIGNATURE)

# CLERK'S INTER-OFFICE CHECKSHEET

FD/CI/CO/SC/   CASE # *02007383CI-*

TYPE ACTION: *Wrongful Act 02f*

SPN # *00713288*

FEE: ☐ PAID        ☐ CHARGE # _____
     ☐ NO FEE      ☐ WAIVED

## DATA ENTRY

☐ CCST      ☐ AIND     ☐ FINS     ☐ LISP
☑ LETT      ☐ PKDS     ☐ ARMY     ☐ NOLP
☐ DEJT      ☐ SEAL     ☐ ETC      ☑ COPIES

☑ PARTIES INDEXED
☐ DOCKETING COMPLETED

## SMALL CLAIMS

☐ AUTHORIZATION     ☐ PRO SE
☐ PRETRIAL DATE  _____
☐ TIME  _____

## SERVICE OF PROCESS

☐ SHERIFF  _____

☐ ATTORNEY          ☐ MAIL
☐ P. I. _____       ☐ PICK UP CLW
☐ PRO SE            ☐ RETD BRANCH

PROCESS:   ☐ ISSUED AT COUNTER
           ☐ ATTORNEY SUMMONS
☐ INS COMM     ☐ SEC STATE     ☐ CERT MAIL
☐ PUB/PAPER  _____
☐ DELIN TENANT ___ D ___ E ___ F ___
☐ # MAIL PACKETS ___ CERT DATE _____
OTHER  _____ *Lett* _____

☑ NO SERVICE      CLERK _____

## DATA ENTRY/VERIFICATION

☐ PARTIES INDEXED VER. BY:  _____
☑ DOCKETING VERIFIED BY:  *JK   9-1*
☐ PROCESS COMPLETE  _____ / _____
☐ LETTERS COMPLETE  _____ / _____

**GREEN** - North County   **BLUE** - South County   **PINK** - St. Petersburg Branch   **CANARY** - Clearwater

NOTES:

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA

## FORM 1.997
## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law.  This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instruction on the reverse of the form).

**I.     CASE STYLE**                     **CIRCUIT CIVIL**

RONALD ZIGMUND,

    Plaintiff,                          Case No.:      02-7383-CI-21
vs.                                       Judge:         Hon. James R. Case

DIOCESE OF ST. PETERSBURG,
INC., etal.,

    Defendant.

---

**II.    TYPE OF CASE(Place an X in one box only. If the case fits more then one type of case, select the most definitive.)**

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ___Simplif. Divorce | ___Profess. Malpractice | ___Contracts |
| ___Divorce | ___Auto Negligence | ___Real Prop. |
| ___Support-Non IV | ___Other Negligence | ___Mortgage fore. |
| ___URESA-IV-D |  | ___Eminent domain |
| ___URESA-Non IV-D | _Specific Case Type_ | _X__Other |
| ___Domestic Violence |  |  |
| ___Other domestic | ___(per Administrative |  |
|    relations |    Order 86-44) |  |

---

**III.   Is Jury Trial Demanded in Complaint?**          _X_Yes          ___No

---

DATE:  _9-20-02_

Attorney's FBN: 0651702

                           SIGNATURE OF ATTORNEY FOR PARTY
                           INITIATING ACTION